UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Rose Franklin, | § | Case No. |
| | § | |
| Plaintiff, | § | COMPLAINT FOR DAMAGES |
| | § | UNDER THE FAIR DEBT |
| v. | § | COLLECTION PRACTICES ACT, |
| | § | THE TEXAS DEBT COLLECTION |
| Receivables Performance Management, LLC, | § | PRACTICES ACT AND OTHER |
| | § | EQUITABLE RELIEF |
| Defendant. | § | |
| | § | |
| | § | JURY TRIAL DEMANDED |

### PARTIES

1. Plaintiff, Rose Franklin ("Rose"), is a natural person who resided in Houston, Texas, at all times relevant to this action.

2. Defendant, Receivables Performance Management, LLC ("RPM"), is a Washington limited liability company that maintained its principal place of business in Lynwood, Washington, at all times relevant to this action.

### JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.

4. Pursuant to 28 U.S.C. §1367(a), this Court has supplemental jurisdiction over Rose's claim under the Texas Debt Collection Practices Act ("TDCPA"), Tex. Fin. Code §§ 392, *et seq.*, because that claim shares a common nucleus of operative facts with Rose's claim under the FDCPA.  S*ee Cunningham v. Advanta Corp.*, 2009 WL 290031, *7 (N.D. Tex. Feb. 3, 2009) (in TCPA case, court exercised supplemental jurisdiction over TDCPA claims).

1

5. Pursuant to 28 U.S.C. § 1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

6. At all times relevant to this action, RPM collected consumer debts.

7. RPM regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

8. The principal source of RPM's revenue is debt collection.

9. RPM is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

10. As described, *infra*, RPM contacted Rose to collect a debt that was incurred primarily for personal, family, or household purposes.

11. This alleged obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

12. Rose is a "consumer" as defined by 15 U.S.C. § 1692a(3).

13. Within the past twelve months, and before, RPM has been calling Rose on her cellular phone in connection with the collection of a debt.

14. On more than one occasion, RPM asked Rose to confirm sensitive personal information to identify Rose.

15. Rose was uncomfortable providing the information to an unknown party.

16. On at least one occasion, around late Summer 2016, Rose inquired as to the purpose of the call.

17. RPM refused to identify itself and continued to press Rose for Rose's personal information.

18. Rose then communicated to RPM that she would not provide the information.

19. In addition, Rose communicated her desire that RPM cease calling her.

20. Despite this communication, RPM continued to call Rose regularly on her cellular phone in an attempt to collect a debt.

21. On more than one occasion, RPM called Rose multiple times a day.

22. RPM's calls frustrated Rose to the extent that she hired an attorney.

23. During one communication, on or around September 28, 2016, Rose notified RPM she retained an attorney and provided her attorney's contact information.

24. Despite this notice, on or around September 30, 2016, RPM called Rose on her cellular phone.

25. During this communication, Rose reiterated she retained an attorney and again provided her attorney's contact information.

26. RPM's collection efforts, including but not limited to its telephone calls, caused Rose emotional distress in the form of frustration, annoyance, aggravation, and anxiety.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

27. Rose re-alleges and incorporates by reference Paragraphs 12 through 26 above as if fully set forth herein.

28. RPM violated 15 U.S.C. § 1692c(a)(2) by communicating with Rose notwithstanding knowledge that Rose was represented by an attorney with respect to the debt.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

29. Rose re-alleges and incorporates by reference Paragraphs 12 through 26 above as if fully set forth herein.

30. In order to establish a violation of Section 1692d of the FDCPA, a consumer need not prove intentional conduct by the debt collector.  *See Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2nd Cir. 2010); *Horkey v. J.V.D.B. & Assocs., Inc.*, 333 F.3d 769, 774 (7th Cir. 2013) ("[Plaintiff] points to no evidence in the record regarding [Defendant's] intent, which is just as well, because intent is irrelevant" in a § 1692d claim).

31. "Instead, applying an objective standard, as measured by the 'least sophisticated consumer,' the consumer need only show that the likely effect of the debt collector's communication or conduct could be construed as harassment, oppression or abuse."  *See Lee v. Credit Mgmt., LP*, 846 F. Supp. 2d 716, 721 (S.D. Tex. 2012).

32. The likely effect of RPM's debt collection efforts, as measured by the "least sophisticated consumer" standard, was "to harass, oppress, or abuse" Rose.

33. RPM violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Rose in connection with the collection of the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

34. Rose re-alleges and incorporates by reference Paragraphs 12 through 26 above as if fully set forth herein.

35. RPM violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect the debt.

## COUNT FOUR

### Violation of the Texas Debt Collection Practices Act

36. Rose re-alleges and incorporates by reference Paragraphs 12 through 26 above as if fully set forth herein.

37. RPM willingly and knowingly violated Tex. Fin. Code § 392.302(4) by communicating with Rose with such frequency as can reasonably be expected to harass Rose, or engaging in other conduct which can reasonably be expected to abuse or harass Rose.

## JURY DEMAND

38. Rose demands a trial by jury.

## PRAYER FOR RELIEF

39. Rose prays for the following relief:

    a. Judgment against RPM for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

    b. Judgment against RPM for actual damages and reasonable attorney's fees pursuant to Tex. Fin. Code § 392.403.

    c. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

HYSLIP & TAYLOR, LLC, LPA

Date: September 28. 2017

By: /s/ Jeffrey S. Hyslip
Jeffrey S. Hyslip, Esq.
Ohio Bar No. 0079315
SD TX Bar No. 2016536
1100 W. Cermak Rd., Suite B410
Chicago, IL  60608
Phone: 312-380-6110
Fax: 312-361-3509
Email: jeffrey@lifetimedebtsolutions.com
*Attorney for Plaintiff*